IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWALD McDONALD, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-3420 |
| KRISTINE D. BROWN *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On October 12, 2016, Plaintiff Howald McDonald[1] filed this *pro se* suit against several Defendants, including the Bank of New York Mellon, and indicated they had, in late 2015, foreclosed on property he had acquired from his late wife; Plaintiff alleged Defendants "are tresspassing [*sic*] using instruments to steal and committ [*sic*] piracy on my properties through the courts." (Compl. p. 8,[2] ECF No. 1.)  Many of Plaintiff's allegations are difficult to comprehend, but he appears to accuse Defendants of various kinds of wrongful conduct, in addition to those previously named, including negligence, breach of contract, and impersonation of U.S. Army officers. (*Id.* p. 12.) Near the end of the complaint, in a section entitled, "FACTS OF CASE," Plaintiff simply says, "Will give at later date." (*Id.* p. 14.) He seeks $200,000 in damages. (*Id.*)

Plaintiff apparently employed a process server to serve, on October 21, 2016, only the summonses on the Defendants; the returns of service do not show service of the complaint on

---

[1] Plaintiff's name is incorrectly spelled on the Court's docket. The Clerk will be directed to amend the docket.

[2] Because of inconsistent internal pagination in the complaint, the Court uses page numbers from its Case Management / Electronic Case Files ("CM/ECF") system for pinpoint citations within the complaint.

any Defendant.  (ECF No. 4.)  Plaintiff has thus failed to comply with Federal Rule of Civil Procedure 4(c)(1), which states,

> A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

The time allowed under Rule 4(m) for proper service is ninety days from filing of the complaint.  Plaintiff is forewarned that he will be required to comply with Rule 4 in its entirety or risk dismissal of his suit.

Now pending before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 5.)  This document is also difficult to comprehend.  Plaintiff requests the Court issue a temporary restraining order ("TRO") enjoining the Defendants "from making any effort to foreclose, and or re-sale upon, sell, or further encumber the title to HOWALD MCDONALD'[s] property, and for such other and additional relief as the Court deems just and equitable, including a Preliminary Injunction at the earliest possible opportunity." (*Id.*)

Plaintiff's motion for a TRO refers to the "First Amended Verified Complaint" (Mot. 1), but no such document is in the Court's docket.  His complaint (ECF No. 1) is not a verified complaint.  Plaintiff has not stated therein that the complaint is true and correct and based on his personal knowledge, and he has not signed the complaint under penalty of perjury.  *See World Fuel Servs. Trading v. Hebei Prince Shipping Co.*, 783 F.3d 507, 516 (4th Cir. 2015) (noting verified complaint in that case contained "a sworn statement indicating that its contents are 'true and correct based upon [the] personal knowledge and documents available to'" party filing complaint).

2

Under Federal Rule of Civil Procedure 65(b)(1)(A) and (B), the Court is permitted to issue a TRO "without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Neither verified complaint nor affidavit is before the Court. Further, the contents of the complaint and the motion, taken together and even if they were supported by verification under penalty of perjury, do not "clearly show that immediate and irreparable injury, loss, or damage will result to the [Plaintiff]." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (stating standard for preliminary injunctive relief); *Perdue Farms, Inc. v. NLRB*, 927 F. Supp. 897, 904 (E.D.N.C. 1996) (same standard applicable to preliminary injunctive relief also applicable to question of whether TRO should issue). Plaintiff's complaint alleged his property was foreclosed upon nearly a year ago. Yet, his motion effectively asks for an injunction against foreclosure. He has provided no facts to permit the Court to conclude that he is subject to "immediate and irreparable injury, loss, or damage."

Procedurally, Plaintiff's motion is also deficient because his certificates of service (ECF No. 5) carry no date upon which service was made on the Defendants. Nor has he set forth any reasons why service should not be required.

For the foregoing reasons, the Court DENIES Plaintiff's motion for a TRO. (ECF No. 5.) The Clerk SHALL AMEND the docket to reflect the correct spelling of Plaintiff's first name and SHALL MAIL a copy of this memorandum and order to Plaintiff.

SO ORDERED.

DATED this 9th day of November, 2016.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge